Mr. Justice Merrick
delivered the opinion of the Court:
This is a bill for the purpose of enforcing against four parties a judgment confessed, as is alleged, under a warrant of attorney to confess that judgment and notice given, and there was a cross-bill impeaching the integrity of the judgment.
It appears that one Henry Smith gave or passed a note to the complainant in this case, upon which it is said he had forged the name of Thomas Jackson, and that after-wards David Jackson, the complainant in the bill and the holder of that note, sought new security to be given him for that note. It is alleged that the transaction amounted to a compounding of felony, and therefore that the new note and the judgment confessed thereupon are void.
It seems that the new note, -which was the foundation of the bill, was a note given by the mother and brother of the accused party conjointly with the accused party himself and his wife, who was then a minor, and that the power of attorney to confess the judgment was also executed while the wife was a minor.
In the first place, it appears from the statement that there was no valuable consideration passing between the parties and that the complainant was not imperilled at all by the new transaction, for the credit had been originally given and the money lost upon the faith of the note, which turned out to be forged. So that it was, at the utmost, a dry legal claim on the one side resisted on the other for cause.
We do not consider it necessaiy to pass upon the sufficiency of any of the defenses set up but the last which is of itself sufficient to dispose of the case.
The new note was given by the mother and the brother, *555 and by the trembling wife when she was a minor, and when she was in that most interesting situation calculated to excite the sympathies and forbearance of every member of the human family. The note and power of attorney, executed under such circumstances, certainly do not commend themselves to the support of a court of justice. It is a well settled rule of law that a note given by a married woman and a power of attorney given by a married woman are void; not voidable,but void; and a judgment confessed by a married woman under sttch circumstances and a power of attorney are likewise void. This, then, was a joint confession, of judgment by several parties under a power of attorney, as to one of whom the whole transaction was absolutely null and void. It is also a well settled principle of the common law that where there is a joint judgment which is void as to one of the parties it is void as to all. That matter has been settled by adjucations innumerable in this country. I need refer only to the case of Hall vs. Williams, in 6 Pickering, followed up and sustained by the opinion of the Supreme Court of Massachusetts, in the case of Wright vs. Andrews, in 130 Massachusetts, page 150, in which the opinion was given by Chief Justice Gray, now a member of the Supreme Court of the United States, and also sustained by a case in 59 Maryland, 238, Hanley vs. Donoghue. So that there is a concurrence of authority that at common law such a judgment, if void as against one, is void as against all. That goes to the root of this action and renders it unnecesary to enlarge upon the case.
For these reasons, without undertaking to say whether or not the compounding of a felony was made out in evidence, the Court affirms the decree below, dismissing the bill, and maintaining the prayer of the cross-bill.